NBC-USA HOUSING, INC. – THIRTEEN, APPELLANT, *v.* LEVIN,

TAX COMMR., ET AL., APPELLEES.

[Cite as *NBC-USA Hous., Inc.–Thirteen v. Levin*,

126 Ohio St.3d 121, 2010-Ohio-2669.]

*Real property tax — R.C. 5709.12(B) — Charitable-use exemption denied for government-subsidized housing.*

(No. 2009-1436 — Submitted June 9, 2010 — Decided June 16, 2010.)

APPEAL from the Board of Tax Appeals, No. 2007-A-110.

_____

**Per Curiam.**

**{¶ 1}** Appellant, NBC-USA Housing, Inc.–Thirteen, d.b.a. New Salem Manor ("NBC-Thirteen"), appeals from the denial of its application to exempt its real property from taxation. The property is improved with government-subsidized apartments that NBC leases to low-income handicapped and aged tenants, and NBC seeks exemption on the ground that the property is "used exclusively for charitable purposes" pursuant to R.C. 5709.12(B). The Tax Commissioner denied the exemption, the Board of Tax Appeals ("BTA") affirmed that denial, and NBC has appealed to the court.

**{¶ 2}** We have recently addressed a claim of exemption by a different, but substantially similar, government-subsidized housing project. *NBC-USA Hous., Inc.–Five v. Levin*, 125 Ohio St.3d 394, 2010-Ohio-1553, 928 N.E.2d 715 ("*NBC-Five*"). In that case, we agreed with the BTA that the case law foreclosed the claim of charitable exemption. Because the facts of the present case do not materially differ from those in *NBC-Five*, we reach the same conclusion in this case. We therefore affirm the decision of the BTA.

**{¶ 3}** As noted, the facts of the present case strongly parallel those of *NBC-Five* and need not be recited in detail here. The property owner, NBC-Thirteen, is an entity exempt under Section 501(c)(3) of the Internal Revenue Code that is jointly operated by the National Baptist Convention and a local church, in this case New Salem Missionary Baptist. The national convention owns the property through NBC-Thirteen, and the latter entity operates a federally subsidized apartment complex for low-income and aged or disabled tenants in northeast Columbus. The local church sponsors the project pursuant to a memorandum of understanding with the national convention. The complex in this case consists of 25 one-bedroom units and eight studio apartments.

**{¶ 4}** NBC-Thirteen and the local church also offer Bible study and social events for the tenants. The landlord also coordinates the provision of medical services to the tenants by others. The project reflects a concept of religious ministry on the part of the national convention and the local churches.

**{¶ 5}** In support of its claim of charitable exemption, NBC-Thirteen first argues entitlement under the expanded charitable-use exemption at R.C. 5709.121. But just as in *NBC-Five*, the taxpayer in this case failed in its notice of appeal to the BTA to specify as error the commissioner's failure to exempt the property under R.C. 5709.121, with the result that the claim under that section is jurisdictionally barred. We hold that the expanded claim of exemption under 5709.121 is barred in this case for the same reasons we set forth in NBC-Five.

**{¶ 6}** NBC-Thirteen also contends that *Philada Home Fund v. Bd. of Tax Appeals* (1966), 5 Ohio St.2d 135, 34 O.O.2d 262, 214 N.E.2d 431, does not bar a charitable exemption in this case for various reasons. We addressed substantially the same contentions in *NBC-Five*, and we find they are equally without merit in the present case.[1] Accordingly, NBC-Thirteen's claim must fail because of the

---

1. NBC-Thirteen's third proposition of law states that the BTA improperly relied on testimony that is not in the record, but NBC fails to elaborate on this point. Under the same proposition of

"consistent and longstanding doctrine that a *distinctly residential use* of real property defeats a claim of charitable exemption, even where attendant circumstances indicate the existence of charitable motives." (Emphasis sic.) *NBC-Five*, 125 Ohio St.3d 394, 2010-Ohio-1553, 928 N.E.2d 715, ¶ 9.

{¶ 7} For the foregoing reasons, the Tax Commissioner correctly denied NBC's application for exemption, and the BTA acted reasonably and lawfully when it affirmed that denial. We therefore affirm the decision of the BTA.

Decision affirmed.

BROWN, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 8} I reluctantly concur for the reasons set out in my concurring opinion in *NBC-USA Hous., Inc.–Five v. Levin*, 125 Ohio St.3d 394, 2010-Ohio-1553, 928 N.E.2d 715.

_____

Karen H. Bauernschmidt Co., L.P.A., Karen H. Bauernschmidt, and Charles J. Bauernschmidt, for appellant.

Richard Cordray, Attorney General, and Alan P. Schwepe, Assistant Attorney General, for appellee Richard A. Levin.

Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellee Columbus City School District Board of Education.

_____

law, NBC argues that the BTA erred by not accepting at face value some of its witness's testimony regarding ownership and the involvement of the local church in the housing project. But any error in this regard would be inconsequential for the reason we set forth in *NBC-Five*. *NBC-Five*, 125 Ohio St.3d 394, 2010-Ohio-1553, 928 N.E.2d 715, ¶ 13, fn. 2.